[Crim. No. 246. Department One.—May 6, 1897.]

## THE PEOPLE, RESPONDENT, v. AH NOON ET AL., APPELLANTS.

CRIMINAL LAW—ROBBERY—NEW TRIAL—NEWLY DISCOVERED EVIDENCE —IMPEACHMENT OF PROSECUTING WITNESS—COUNTER AFFIDAVITS.— A new trial cannot be granted to a defendant convicted of robbery, on the ground of newly discovered evidence of statements made by the prosecuting witness to various Chinese persons after the alleged robbery, to the effect that he had not been robbed by defendants, the effect of which would be merely to impeach the testimony of the prosecuting witness, where there is no such exceptional showing as would warrant a new trial on that ground, and where there are counter affidavits which weaken the showing, and make it unsatisfactory.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. V. A. GREGG, Judge.

The facts are stated in the opinion of the court.

*Venable & Goodchild,* and *Graves & Graves,* for Appellants.

The newly discovered evidence is competent, as it is to the effect that the acts and declarations of the prosecuting witness as to the robbery were in direct conflict with his testimony at the trial. (*Kenezleber* v. *Wahl,* 92 Cal. 208.)

*Attorney General W. F. Fitzgerald,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

The newly discovered evidence was insufficient to warrant the trial court in granting a new trial, as it tended merely to discredit or impeach the prosecuting witness. (*Berry* v. *State*, 10 Ga. 511.) The evidence must be so conclusive as to give rise to the presumption that if a new trial were granted it would change the result. (*People* v. *Anthony*, 56 Cal. 397; *People* v. *Goldenson*, 76 Cal. 328; *People* v. *McCurdy*, 68 Cal. 577; *People* v. *McCauley*, 45 Cal. 147; *People* v. *Chin Ah Hong*, 61 Cal. 376; *Klockenbaum* v. *Pierson*, 22 Cal. 160; *Stoakes* v. *Monroe*, 36 Cal. 383; *Byrne* v. *Reed*, 75 Cal. 277; *McCormick* v. *Central R. R. Co.*, 75 Cal. 506; *People* v. *Howard*, 74 Cal. 547; *Lewis* v. *McMullen*, 5 W. Va. 582; *O'Neal* v. *State*, 47 Ga. 229; *State* v. *Stain*, 82 Me. 472.) The granting of a new trial on the ground of newly discovered evidence rests largely with the discretion of the trial court. Such motions are regarded with distrust and disfavor, and this is especially true when the new testimony is to impeach a witness on the trial. (*Spottiswood* v. *Weir*, 80 Cal. 448; *Baker* v. *Joseph*, 16 Cal. 173, 180; *O'Brien* v. *Brady*, 23 Cal. 243; *Jones* v. *Singleton*, 45 Cal. 92; *Bartlett* v. *Hogden*, 3 Cal. 58; *Hobler* v. *Cole*, 49 Cal. 250; *Arnold* v. *Skaggs*, 35 Cal. 684.)

THE COURT.—The defendants have been convicted of the crime of robbery, and appeal from a judgment and order denying a motion for a new trial. A new trial is claimed upon the ground of newly discovered evidence. This purported evidence, as shown by affidavits, consists of statements made by the prosecuting witness to various Chinese after the alleged robbery. These statements are to the effect that he, the prosecuting witness, had not been robbed by defendants. Upon a second trial of the case such evidence would only be admissible as tending to impeach the testimony of the witness as to the facts of the robbery. It is not possible that it would be material and relevant for any other purpose. It would have to be a very exceptional showing that would move this court to order a new trial upon

CXVI. CAL.—42

newly discovered evidence which would only serve the purpose of impeaching a witness, and the showing here made is not such a one. Taking into consideration the counter affidavits introduced upon the hearing of the motion, the showing made is not only very unsatisfactory, but inherently weak, and in no sense such as to demand a new trial of the case.

Various exceptions were taken to the rulings of the court as to the admission and rejection of certain evidence, but upon consideration of those exceptions we find nothing demanding a reversal of the judgment or a new trial.

For the foregoing reasons the judgment and order are affirmed.